UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RITA McCALL | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:06-cv-0752-RLY-WTL |
| | ) | |
| EMERSON APPLIANCE | ) | |
| CONTROLS and MALLORY | ) | |
| CONTROLS | ) | |
|     Defendants. | ) | |

**ENTRY ON PLAINTIFF RITA McCALL'S
MOTION AND STIPULATION FOR REMAND**

Before this court is a Motion and Stipulation for Remand filed by Plaintiff Rita McCall ("McCall"). For the reasons set forth below, the court **DENIES** McCall's motion.

**I.      Background**

On April 18, 2006, McCall filed suit against Defendants Emerson Appliance Controls and Mallory Controls in Clinton County (Indiana) Superior Court. In her Complaint, McCall alleges that on November 3, 2004, she was injured on the job when she hurt her hand on a test button at her work station. (Complaint, ¶ 5). Plaintiff sued Defendants for lost wages and emotional distress that resulted from the injury sustained from the accident. Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendants removed the case to this court based on diversity of citizenship.

McCall now moves to remand the case to state court for lack of jurisdiction, pursuant to a stipulation that Plaintiff is not seeking and will waive any damages that might be awarded to her in excess of $75,000 contingent upon the remand of this case to the Clinton Superior Court. Therefore, McCall contends the amount in controversy requirement necessary for the existence of diversity jurisdiction is not met, and jurisdiction in federal court does not exist in this case.

**II.     Discussion**

The issue presented is whether a plaintiff's post-removal stipulation to accept less than the jurisdictional amount can defeat diversity jurisdiction. Both the United States Supreme Court and the Seventh Circuit have spoken on this issue and held that such post-removal stipulations "do not oust jurisdiction" because jurisdiction is determined as of the time the case is removed to federal court. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938) ("Events occurring subsequent to the instruction of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); *see also Workman v. U.S. Parcel Serv. Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (holding that a stipulation to avoid federal jurisdiction "must be made at the time the suit is filed since jurisdiction is determined as of then and not later"). The reason behind this rule was articulated by the Supreme Court in *St. Paul*:

> If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the

> plaintiff ought not be able to defeat that right and bring the cause back to the state court at his election.

*St. Paul Mercury Indem. Co.*, 303 U.S. at 294.

In the instant case, McCall conceded that her claim was worth more than $75,000 by failing to contest the removal at the time the motion was made. Supreme Court and Seventh Circuit case law has made clear that any post-removal stipulations must be made at the time the complaint was filed. McCall failed to timely stipulate, and therefore, removal was proper under 28 U.S.C. § 1332(a).

### III.   Conclusion

For the reasons stated above, this court **DENIES** Plaintiff's Motion to Remand (Docket # 20).

**SO ORDERED** this 5th day of July 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Laura Lee Bowker
LAW OFFICE OF LAURA L. BOWKER
laurabowker@hotmail.com

Paul C. Sweeney
ICE MILLER LLP
paul.sweeney@icemiller.com

Mark W. Ford
ICE MILLER LLP
mark.ford@icemiller.com

3